ORIGINAL

# In the United States Court of Federal Claims

No. 10-531 C

(Filed January 28, 2011)

**UNPUBLISHED**

FILED

JAN 2 8 2011

U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * *
DEBORAH BURNS, Pro Se,          *
                                *
                 Plaintiff,     *
                                *
        v.                      *
                                *
THE UNITED STATES,              *
                                *
                 Defendant.     *
* * * * * * * * * * * * * * * * * * * *
```

Constitutional Claims; Tort Claims;
Criminal Claims; Civil Rights
Claims; Unjust Conviction
Statute, 28 U.S.C. § 1495 (2006);
General Equitable Relief;
Tucker Act, 28 U.S.C. § 1491(a)(1)
(2006); RCFC 12(b)(1).

*Deborah Burns*, Houston, TX, *pro se* plaintiff.

*Kenneth S. Kessler*, United States Department of Justice, with whom were *Tony West*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Kirk Manhardt*, Assistant Director, Washington, DC, for defendant.

---

**OPINION**

---

**Bush,** *Judge.*

Now pending before the court is defendant's motion to dismiss, which has been fully briefed and is ripe for a decision by the court. Because the court lacks subject matter jurisdiction over the claims raised in the complaint, those claims must be dismissed pursuant to Rule 12(b)(1) of the Rules of the United States Court of Federal Claims (RCFC).

# BACKGROUND[1]

## I.   Factual Background

Plaintiff Deborah Burns (Ms. Burns) was convicted in the United States District Court for the Eastern District of Wisconsin of cocaine possession with intent to distribute, conspiracy to possess and distribute cocaine, and interstate travel in furtherance of the distribution of cocaine in violation of various provisions of Titles 18 and 21 of the United States Code.  Ms. Burns was subsequently sentenced to 121 months incarceration as to the first count of the indictment, 121 months as to the second count, and sixty months as to the third count, all to be served concurrently.  Ms. Burns filed an appeal in the United States Court of Appeals for the Seventh Circuit, which affirmed the conviction.[2]

## II.   Procedural History

On August 9, 2010, plaintiff filed her complaint in this case.  In the complaint, Ms. Burns asks this court to vacate her conviction and award $250 million in damages for the "denial of [the] right to appeal [her] wrongful incarceration and conviction . . . ."  Compl. at 1.  Here, the court will attempt to discern the arguments set forth in the complaint.  First, Ms. Burns claims that her conviction violated the Double Jeopardy Clause of the Fifth Amendment.  Next, Ms. Burns asserts that her conviction was based in part on statements that were elicited by law enforcement agents without providing the warnings required by the United States Supreme Court's decision in *Miranda v. Arizona*, 384 U.S. 436 (1966).  Third, Ms. Burns asks this court to issue a writ or other order vacating her conviction in the district court based on her assertion that the substance seized by federal law enforcement agents was not actually cocaine.  Finally, Ms. Burns seeks $250 million in compensation for her wrongful conviction and incarceration and

---

[1]/ The facts recounted here are taken from the parties' filings, and appear to be undisputed for the purpose of resolving defendant's motion to dismiss.  The court makes no findings of fact in this opinion.  A more complete account of the criminal proceedings leading to this suit is presented in *United States v. Burns*, 37 F.3d 276 (7th Cir. 1994).

[2]/ In December 2009, Ms. Burns filed a motion with the Seventh Circuit to recall the mandate in her appeal of an apparent denial of a petition for a writ of *habeas corpus*.  The Seventh Circuit denied that motion on January 19, 2010.

for the failure of the district court and the Seventh Circuit to overturn that conviction.

Defendant moves to dismiss the complaint for lack of subject matter jurisdiction under RCFC 12(b)(1).  In its motion to dismiss, the government argues that Ms. Burns has failed to assert any money-mandating source of law to confer jurisdiction upon this court under the Tucker Act, 28 U.S.C. § 1491(a)(1) (2006). Defendant notes that this court does not possess jurisdiction over claims based on criminal violations, nor does it have the authority to issue writs of *habeas corpus*. Because all of Ms. Burns claims are dependent upon the validity of her conviction, the government contends that this court does not have jurisdiction over them.

In her response to defendant's motion to dismiss, Ms. Burns asserts that this court must exercise jurisdiction over her claims because other federal courts have refused to overturn her conviction.  Plaintiff asserts that the district court did not have jurisdiction over the original criminal charges against her, and that defendant's motion to dismiss her claims in this court constitutes an attempt to deprive her of her civil rights.  Finally, Ms. Burns asserts that she is entitled to damages as compensation for "pain and suffering, slavery, sexual assault and loss of pursuit of livelihood of income" during her ten-year incarceration.  Pl.'s Resp. at 1.

In its reply, defendant once again argues that this court lacks jurisdiction over the claims raised in the complaint because Ms. Burns has not asserted any substantive legal basis for her claims.  Defendant notes that none of the potential constitutional or other legal bases for the claims raised by Ms. Burns fall within this court's jurisdiction under the Tucker Act because they do not mandate the payment of money by the government.

On December 1, 2010, Ms. Burns filed, with leave of the court, a sur-reply to defendant's reply.  In her sur-reply, plaintiff reiterates her contention that jurisdiction is proper in this court because other courts have denied her claims for relief.  In addition, Ms. Burns argues that the United States Constitution is a contract, and that this court thus has jurisdiction over her claims on that basis. Plaintiff also asserts that this court has jurisdiction over civil rights claims and suits that sound in tort.  Finally, plaintiff states, without explanation, that she is entitled to treble damages in this case.

## DISCUSSION

### I.   *Pro Se* Litigants

*Pro se* plaintiffs are entitled to a liberal construction of their pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers").  However, "[t]here is no duty on the part of the trial court to create a claim which [the plaintiff] has not spelled out in his pleading." *Scogin v. United States*, 33 Fed. Cl. 285, 293 (1995) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1994)).  Here, the court has thoroughly examined the complaint, the response to defendant's motion to dismiss and the sur-reply to defendant's reply, and has attempted to discern all of the legal arguments contained therein.

### II.   Jurisdiction and Standard of Review

In rendering a decision on a motion to dismiss for lack of subject matter jurisdiction pursuant to RCFC 12(b)(1), this court must presume all undisputed factual allegations to be true and must construe all reasonable inferences in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982); *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988).  The relevant issue in a motion to dismiss under RCFC 12(b)(1) "'is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Patton v. United States*, 64 Fed. Cl. 768, 773 (2005) (quoting *Scheuer*, 416 U.S. at 236).  The plaintiff bears the burden of establishing subject matter jurisdiction, *Alder Terrace, Inc. v. United States*, 161 F.3d 1372, 1377 (Fed. Cir. 1998) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)), and must do so by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citations omitted).  Although "pro se plaintiffs are held to a lower standard of pleading than those represented by counsel, all those seeking to invoke this court's subject matter jurisdiction ultimately retain the burden of establishing that the jurisdictional requirements are met." *See Searles v. United States*, 88 Fed. Cl. 801, 803 (2009) (citing *Keener v. United States*, 551 F.3d 1358, 1361 (Fed. Cir. 2009)); *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) ("[T]he

leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.").

The court may look at evidence outside of the pleadings in order to determine its jurisdiction over a case. *Martinez v. United States*, 48 Fed. Cl. 851, 857 (2001) (citing *RHI Holdings, Inc. v. United States*, 142 F.3d 1459, 1461-62 (Fed. Cir. 1998); *Rocovich v. United States*, 933 F.2d 991, 993 (Fed. Cir. 1991)), *aff'd in relevant part*, 281 F.3d 1376 (Fed. Cir. 2002). "Indeed, the court may, and often must, find facts on its own." *Id.* If jurisdiction is found to be lacking, this court must dismiss the action. RCFC 12(h)(3).

The Tucker Act provides in relevant part that the

> United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). While the Tucker Act constitutes a limited waiver of the government's sovereign immunity, that statute "does not create a substantive cause of action; in order to come within the jurisdictional reach and the waiver of the Tucker Act, a plaintiff must identify a separate source of substantive law that creates the right to money damages." *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (*en banc* in relevant part). In addition, "[n]ot every claim invoking the Constitution, a federal statute, or a regulation is cognizable under the Tucker Act." *United States v. Mitchell*, 463 U.S. 206, 216 (1983). On the contrary,

> [t]he claim must be one for money damages against the United States, *see United States v. King*, 395 U.S. 1, 2-3 (1969), and the claimant must demonstrate that the source of substantive law he relies upon "can be fairly interpreted as mandating compensation by the Federal Government for the damages sustained."

*Id.* at 216-17 (quoting *United States v. Testan*, 424 U.S. 392, 400 (1976)) (internal quotations omitted).  If the asserted constitutional or statutory basis of a claim does not mandate the payment of money by the government, the court must dismiss the action because "the absence of a money-mandating source [is] fatal to the court's jurisdiction under the Tucker Act." *Fisher*, 402 F.3d at 1173.

## III.   Analysis of Plaintiff's Claims

Ms. Burns seeks both damages and injunctive relief for the alleged violation of various constitutional provisions.  Because the court does not have subject matter jurisdiction over any of the claims asserted by plaintiff, defendant's motion to dismiss the complaint must be granted.

### A.   Constitutional, Tort, and Civil Rights Claims

Plaintiff first asserts that she is entitled to both monetary damages and injunctive relief under various provisions of the United States Constitution. Before addressing the specific jurisdictional bases asserted in the complaint, the court first notes that it does not, in general, have jurisdiction over claims related to the administration of the criminal justice system. *See Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (noting that "[t]he court has no jurisdiction to adjudicate any claims whatsoever under the federal criminal code"); *Kania v. United States*, 650 F.2d 264, 268 (Ct. Cl. 1981) ("[T]he role of the judiciary in the high function of enforcing and policing the criminal law is assigned to the courts of general jurisdiction and not to this court. . . .  It is particularly unreasonable to suspect that Congress in enacting the Tucker Act intended for this court to intervene in the delicate and sensitive business of conducting criminal trials."); *Reid v. United States*, 95 Fed. Cl. 243, 249 (2010) ("The Court of Federal Claims does not have jurisdiction over criminal claims."); *Hufford v. United States*, 87 Fed. Cl. 696, 702 (2009) ("This court lacks jurisdiction to adjudicate criminal claims.").

Plaintiff asserts that her criminal conviction violated the Double Jeopardy Clause of the Fifth Amendment.  The court need not address the merits of that claim because there is no question that it is beyond this court's jurisdiction. *See James v. Caldera*, 159 F.3d 573, 581 (Fed. Cir. 1998) (noting that "it is well established that the Court of Federal Claims lacks jurisdiction over . . . claims

[under the Double Jeopardy and Due Process Clauses of the Fifth Amendment] because neither of the two clauses is a money-mandating provision"); *Flowers v. United States*, 80 Fed. Cl. 201, 214 (2008) (holding that this court lacks jurisdiction over claims under the Double Jeopardy Clause).

Ms. Burns also contends that her conviction was unconstitutional because it was based on statements that were elicited in the absence of the warnings required under *Miranda*. However, the warnings mandated by the Supreme Court's decision in *Miranda* are based upon the Fifth Amendment's requirement that no person "shall be compelled in any criminal case to be a witness against himself," *see* U.S. Const. amend. V, and claims based on that provision are not within the jurisdiction of this court. *See Betz v. United States*, 40 Fed. Cl. 286, 292 (1998) ("The Fifth Amendment privilege against self-incrimination does not, in itself, require the payment of money for its violation, regardless of whether *Miranda* warnings were provided. Thus, the court does not have jurisdiction under the Tucker Act over this claim."). In short, this court may not address the merits of any claims based on the government's alleged failure to comply with the requirements of *Miranda*.

The court is similarly without jurisdiction over any claims arising under the Due Process Clause of the Fifth Amendment because that constitutional provision is not a money-mandating source. *See, e.g.*, *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995) (holding that this court has no jurisdiction over claims arising under the Due Process Clause); *Carruth v. United States*, 627 F.2d 1068, 1081 (Ct. Cl. 1980) ("This court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages.").

Ms. Burns claims that she is entitled to money damages as compensation for "pain and suffering, slavery, sexual assault and loss of pursuit of livelihood of income" while she was incarcerated. Even if the court assumes the truth of those serious allegations, Ms. Burns does not cite any source of law that might create a right to recovery on that basis. First, to the extent that the alleged harm to plaintiff resulted from the government's negligence, these claims would sound in tort, and the court does not have jurisdiction over such claims. The jurisdiction exercised by this court under the Tucker Act is expressly limited to claims "not sounding in

7

tort." 28 U.S.C. § 1491(a)(1); *see also Keene Corp. v. United States*, 508 U.S. 200, 214 (1993) (noting that "tort cases are outside the jurisdiction of the Court of Federal Claims"); *Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) (noting that the court "lacks jurisdiction over tort actions against the United States"). Such claims are properly raised only in the district courts. *See Hall v. United States*, 91 Fed. Cl. 762, 771 (2010) ("The Federal Tort Claims Act ('FTCA') grants the United States district courts exclusive jurisdiction to hear tort claims against the United States, and, therefore, the proper forum for federal tort claims is a United States district court."); *Brown v. United States*, 74 Fed. Cl. 546, 549 (2006) (holding that "the FTCA grants exclusive jurisdiction to the United States federal district courts regarding tort claims against the United States Government").

In addition, the court would not have jurisdiction over a claim that plaintiff was subjected to conditions during her incarceration that violated the requirements of the Eighth Amendment, which prohibits "cruel and unusual punishments . . . ." U.S. Const. amend. VIII. Because this constitutional provision does not require the payment of money by the government, claims based on this provision are not within the court's jurisdiction. *See Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (holding that the "Court of Federal Claims does not have jurisdiction over claims arising under the Eighth Amendment").

Plaintiff argues that her conviction and incarceration have deprived plaintiff of her civil rights. However, this court is without jurisdiction over alleged violations of federal civil rights statutes. *See Elkins v. United States*, 229 Ct. Cl. 607, 608 (1981) (holding that this court does "not have jurisdiction over claims based upon alleged violations of the civil rights laws"). Congress has vested exclusive jurisdiction over such claims within the federal district courts. *See* 28 U.S.C. § 1343 (2006); *Modena v. Neff*, 91 Fed. Cl. 29, 34 (2010) (holding that "[e]xclusive jurisdiction to hear civil rights claims resides in the federal district courts"); *Hufford*, 87 Fed. Cl. at 703 (holding that "Congress has committed jurisdiction of § 1983 'constitutional tort' actions to the district courts").

Plaintiff further asserts that she has been subjected to "slavery," and thus appears to make an implied claim under the Thirteenth Amendment. Of course, this court does not have subject matter jurisdiction over claims raised under that constitutional provision. *See Nwogu v. United States*, 94 Fed. Cl. 637, 650 (2010)

(holding that the Thirteenth Amendment does not require the payment of money for its violation and thus provides no basis for this court's jurisdiction); *Johnson v. United States*, 79 Fed. Cl. 769, 774 (2007) ("This court . . . cannot entertain claims brought under the Thirteenth Amendment because it does not mandate the payment of money damages for its violation.").

Finally, Ms. Burns alleges that the U.S. Constitution is a contract between the government and its citizens, which provides a basis for jurisdiction in this court. Under the Tucker Act, this court possesses subject matter jurisdiction over claims based "upon any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1). However, this court has held that the Constitution is not a contract for purposes of its jurisdiction under the Tucker Act. *See Dumonde v. United States*, 87 Fed. Cl. 651, 654 (2009) (rejecting the argument that the violation of a constitutional provision breached a contract between the government and the plaintiff as a citizen of the United States). For the foregoing reasons, the court concludes that it may not exercise subject matter jurisdiction under any of the express or implied sources of law set forth in the complaint.

### B.    Unjust Conviction Statute

This court does have subject matter jurisdiction in limited circumstances over claims seeking damages caused by unjust conviction and imprisonment. *See* 28 U.S.C. § 1495 (2006) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned."). Although plaintiff did not cite section 1495 in support of her claims, the court will address the applicability of that provision in an effort to discern any possible claims that might be reasonably inferred from the factual allegations set forth in her *pro se* complaint. As discussed below, the court concludes that plaintiff cannot prevail under section 1495.

This court may exercise jurisdiction under section 1495 only when the plaintiff has been pardoned or when the original conviction has been reversed or set aside on the basis that the plaintiff was not guilty of the crime that resulted in the conviction and incarceration. *See* 28 U.S.C. § 2513 (2006). Moreover, the pardon or reversal must be demonstrated with a certificate of the pardon or from the court that set aside the conviction. *Id.* Ms. Burns does not contend that she

has been pardoned or that any court has determined that she did not commit the crimes for which she was convicted.  In the absence of such documentation, the court has no jurisdiction under section 1495.[3]  *See Grayson v. United States*, 141 Ct. Cl. 866, 869 (1958) ("It is clear that [sections 1495 and 2513] must be read together, since the one refers to the other.  When they are read together it becomes manifest that the sections confer jurisdiction on this court only in cases where there has been conviction and in which the other conditions set out in section 2513 are complied with."); *Lott v. United States*, 11 Cl. Ct. 852, 853 (1987) ("[Sections 1495 and 2513] do not confer upon the Claims Court the power to review and overturn convictions.  Rather, the court's jurisdiction to entertain a claim for money damages for unjust conviction arises only *after* the challenged conviction has been reversed, on grounds of innocence, by a court of competent jurisdiction or by Presidential pardon."); *see also Vincin v. United States*, 468 F.2d 930, 933 (Ct. Cl. 1972) (noting that the exercise of jurisdiction under the unjust conviction statute requires strict adherence to the requirement that a plaintiff produce a certificate of innocence or documentation of a pardon).

## C.    Request for Injunctive Relief

In connection with the claims discussed above, Ms. Burns also requests an injunction vacating her criminal conviction or compelling other courts to do so.  However, this court is authorized to grant injunctive relief in only two limited circumstances.  First, the court may award injunctive and declaratory relief in bid protest cases.  28 U.S.C. § 1491(b)(2) (2006).  In addition, the court may award such relief when it is "an incident of and collateral to" a money judgment.  *James*,

---

[3]/ In *Grayson*, the Court of Claims held that it did not possess jurisdiction over a claim under the unjust conviction statute when a plaintiff neglected to provide the required certificate of exoneration or pardon.  However, the court notes that a failure to meet the requirements of section 2513 might be more appropriately viewed as a failure to state a claim – rather than as a failure to meet a jurisdictional prerequisite – in light of the Federal Circuit's *en banc* holding in *Fisher*, 402 F.3d at 1175-76 ("Assuming the Court of Federal Claims has taken jurisdiction over the cause as a result of the initial determination that plaintiff's cause rests on a money-mandating source, the consequence of a ruling by the court on the merits, that plaintiff's case does not fit within the scope of the source, is simply this: plaintiff loses on the merits for failing to state a claim upon which relief can be granted.").  Regardless of whether the unjust conviction claim in this case is reviewed under RCFC 12(b)(1) or RCFC 12(b)(6), the result is the same:  the claim must be dismissed.

159 F.3d at 580.  Because Ms. Burns is not entitled to any monetary damages in this case, however, the court is unable to award the additional equitable relief she has requested.  This court has no general authority to award equitable relief, *see Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988) ("The Claims Court does not have the general equitable power of a district court to grant prospective relief."), and it has no specific authority to review the decisions of a district court, *see Joshua*, 17 F.3d at 1380 (noting that "the Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . relating to proceedings before those courts").  The request to vacate the criminal conviction of Ms. Burns must also be denied because it is not within this court's jurisdiction or authority.

## CONCLUSION

The court has concluded that there is no jurisdictional basis in this court for any of the claims raised by plaintiff.  For that reason, her complaint must be dismissed for lack of subject matter jurisdiction.  The court has considered transfer of the claims over which this court lacks jurisdiction, but concludes that it is not in the interest of justice to do so.[4]

Accordingly, it is hereby **ORDERED** that

(1)   Defendant's Motion to Dismiss, filed October 8, 2010, is **GRANTED**;

---

[4]/ Although plaintiff does not request that the court transfer her case to an appropriate district court, that is the action that this court would normally take if it appeared that a particular district court had jurisdiction over the claims raised in the complaint.  Under the transfer statute, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought . . . ."  28 U.S.C. § 1631 (2006).  In order to transfer a claim to a district court, this court must first determine that the district court has jurisdiction to hear and decide the transferred claim on the merits.  In the circumstances presented here, and in light of the extensive litigation already conducted in the district court and the Seventh Circuit, it is unlikely that any district court would have jurisdiction over the claims raised by Ms. Burns in her complaint.  For that reason, transfer of her suit would not be in the interest of justice.

11

(2)     The Clerk's Office is directed to **ENTER** final judgment in favor of defendant, **DISMISSING** the complaint for lack of jurisdiction, without prejudice; and

(3)     No costs.

LYNN J. BUSH
Judge